UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN HOLBROOK, | ) |
| | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:15-CV-552 RLM |
| | ) |
| LSC COMMUNICATIONS US, LLC, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Stephen Holbrook was terminated from his position with LSC Communications US, LLC in the company's Warsaw, IN facility in 2014.[1] He brought suit against his former employer alleging that he was terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* (Count I) and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count II). LSC Communications moved for summary judgment and the court heard arguments on defendant's motion on March 6, 2017. Because the summary judgment record doesn't show that comparable employees were treated better, the court grants LSC Communications' motion.

I. STANDARD OF REVIEW

Summary judgment is appropriate when the record demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment

---

[1] LSC Communications US, LLC was substituted for RR Donnelley & Sons Company as successor in interest in Mr. Holbrook's former employment. [Doc. No. 38].

as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion and identifying the parts of the record that demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. at 323. It can meet that burden by showing that there's no evidence to support the non-moving party's case. Id. at 325. Once the moving party has met its burden, the opposing party can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N.A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("[i]t is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies"); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

II. BACKGROUND

LSC Communications hired Mr. Holbrook in 1978. He rose to the level of Customer Service Supervisor, and was terminated from the company in October 2014. He had diabetes and was sixty-two years-old when he was fired. LSC Communications is an at-will employer. Its human resources policy outlines a "positive counseling" procedure that provides for a progressive discipline procedure for employees, while reserving the right to terminate an employee at any time. The policy's recommendation for a first level of discipline is "a formal meeting with the employee to raise concerns," which the company calls a "record of conversation." A "final warning" is issued after a very serious incident or when an employee hasn't corrected problematic behavior. According to the policy, "failure to perform in accordance with the [f]inal [w]arning will normally result in separation."

Mr. Holbrook was issued a final warning in 2012. The final warning stated that Mr. Holbrook's behavior violated LSC Communications' rules of conduct and referenced three events: a March 2010 confrontation with his co-worker, Toby Popenfoose; an October 2011 incident in which Mr. Holbrook expressed frustration about the company; and a December 2011 outburst in which Mr. Holbrook yelled at co-worker Bruce Hazelet.

Mr. Holbrook recognized that he needed to improve his response to stress at work and saw a professional for assistance. His performance reviews suggest that his conduct improved. While previous annual reviews raised concerns about

Mr. Holbrook's response to stress, his 2012 performance review indicated that he "was much improved this year in remaining cool under pressure and demonstrated he can be counted on to hold things together under stressful situations." His supervisor, John Pierog, reported on his 2013 performance review that Mr. Holbrook "made progress in managing stress in 2013 and handled adversity with a more even keeled approach."

On October 13, 2014, Mr. Holbrook and his colleague, Tim Scheidt, had a confrontation. Mr. Scheidt called Mr. Holbrook a bully and cursed at him, told Mr. Holbrook he was worthless, and asked Mr. Holbrook if he wanted to hit him. Mr. Holbrook admitted he "lost it" during the confrontation, raised his voice, and cursed at Mr. Scheidt. Mr. Scheidt reported to Mr. Pierog that Mr. Holbrook threatened to punch him.

Mr. Pierog called Mr. Holbrook into his office and accused him of threatening Mr. Scheidt. Mr. Pierog terminated him for physically threatening a coworker, which violated the conditions of his final warning. Mr. Scheidt, who was younger than Mr. Holbrook and didn't identify as disabled, wasn't terminated after his confrontation with Mr. Holbrook, but was issued a "record of conversation." Mr. Holbrook brought suit against his former employer, alleging he was terminated in violation of the ADEA and the ADA. LSC Communications moved for summary judgment on both claims.

III. DISCUSSION

*A. ADEA Claim*

Mr. Holbrook's ADEA claim can survive summary judgment if "the evidence would permit a reasonable factfinder to conclude that the plaintiff's [age] caused [his] discharge." Ortiz v. Werner Enterprises, Inc., 834 F.3d 760, 765 (7th Cir. 2016). In a case like this one, in which the employee doesn't present direct evidence of discrimination, the court must analyze the discrimination claim under the *McDonnell Douglas* burden-shifting framework. Peele v. Country Mut. Ins. Co., 288 F.3d 319, 326 (7th Cir. 2002). *See also* Ortiz v. Werner Enterprises, Inc., 834 F.3d 760, 766 (7th Cir. 2016) (recognizing that the *McDonnell Douglas* framework remains the appropriate approach for analyzing employment discrimination claims).

To establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework, "the plaintiff has the initial burden of producing evidence showing that (1) [he] is a member of a protected class, (2) [he] was meeting the defendant's legitimate expectations, (3) [he] suffered an adverse employment action, and (4) similarly situated employees who were [younger] were treated more favorably." Simpson v. Franciscan All., Inc., 827 F.3d 656, 661 (7th Cir. 2016). LSC Communications doesn't dispute that Mr. Holbrook is a member of the protected class or that he suffered an adverse employment action, but contends that Mr. Holbrook hasn't met his burden of showing that he was meeting LSC Communications' legitimate expectations and that a younger similarly situated employee was treated more favorably.

5

To demonstrate that he was meeting LSC Communications' legitimate expectations, Mr. Holbrook argues that while he was issued a final warning in 2012 for anger issues, his subsequent performance evaluations were positive and noted improvement. "[E]arlier evaluations cannot, by themselves, demonstrate the adequacy of performance at the crucial time when the employment action is taken." Fortier v. Ameritech Mobile Commc'ns, Inc., 161 F.3d 1106, 1113 (7th Cir. 1998). Mr. Holbrook, despite demonstrating improvement, was still subject to the final warning, which provided him notice that another incident could lead to termination.

The day Mr. Holbrook was fired, Mr. Scheidt reported to Mr. Pierog that Mr. Holbrook threatened him during a confrontation. Mr. Pierog called Mr. Holbrook into his office and, according to his notes from the conversation, told him that "he crossed the line when he physically threatened [Mr. Scheidt]" and terminated him because "physical threats would not be tolerated at [LSC Communications]." Mr. Holbrook denies ever threatening Mr. Scheidt but admitted "losing it," raising his voice, and cursing during the confrontation. While this behavior might have been sufficient to trigger dismissal under the terms of the final warning, Mr. Pierog and the company appear to have relied on Mr. Scheidt's accusation that Mr. Holbrook threatened him with physical violence as the basis for the termination decision, an accusation Mr. Holbrook denies. This is a factual dispute the court can't resolve on summary judgment.

LSC Communications argues that even if Mr. Holbrook was meeting the company's legitimate expectations, his ADEA claim fails because he hasn't

shown that a similarly situated employee who was younger was treated more favorably. "[I]n disciplinary cases—in which a plaintiff claims that [he] was disciplined by [his] employer more harshly than a similarly situated employee based on some prohibited reason—a plaintiff must show that [he] is similarly situated with respect to performance, qualifications, and conduct." Peele v. Country Mut. Ins. Co., 288 F.3d 319, 330 (7th Cir. 2002). The search is for a younger employee that is materially similarly, but not a clone. Chaney v. Plainfield Healthcare Ctr., 612 F.3d 908, 916 (7th Cir. 2010).

Mr. Holbrook claims that he was issued a final warning for his first anger management issue, while Mr. Scheidt, who was younger than Mr. Holbrook, wasn't disciplined at all following their confrontation. But Mr. Scheidt was issued a "record of conversation" after the confrontation with Mr. Holbrook, the first level of discipline pursuant to the company's human resources policy. Mr. Holbrook admits that this incident appears to be Mr. Scheidt's first anger management issue and points to no other evidence of disciplinary reports on Mr. Scheidt. Mr. Holbrook, in contrast, was issued a final warning as the result of three distinct events: two separate confrontations with coworkers and an incident in which Mr. Holbrook expressed frustration about the company. Because the record demonstrates divergent disciplinary histories for Mr. Scheidt and Mr. Holbrook, no reasonable jury could find that Mr. Scheidt is similarly situated for purposes of an ADEA claim. *See* Simpson v. Franciscan All., Inc., 827 F.3d 656, 662 (7th Cir. 2016) ("[a]n employee who does not have a similar

7

disciplinary history and performance record as the plaintiff is not similarly situated").

Mr. Holbrook also presents a list of younger employees that he claims are similarly situated and were treated more favorably. But Mr. Holbrook hasn't demonstrated that any of these younger employees "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *See* Peele v. Country Mut. Ins. Co., 288 F.3d 319, 330 (7th Cir.2002).

Because Mr. Holbrook hasn't shown that a similarly situated employee who was younger was treated more favorably, he can't establish a *prima facie* case under *McDonnell Douglas* and this court must grant LSC Communications' motion of summary judgment as to Mr. Holbrook's ADEA claim. *See* Atanus v. Perry, 520 F.3d 662, 673 (7th Cir. 2008) (recognizing that "[s]ummary judgment is appropriate if the employee fails to establish any of the foregoing elements of the prima facie case"); Kampmier v. Emeritus Corp., 472 F.3d 930, 939 (7th Cir. 2007).

### *B. ADA Claim*

LSC Communications argues that Mr. Holbrook can't prevail on his ADA claim because he can't establish the elements of a *prima facie* case. Mr. Holbrook doesn't present direct evidence of discrimination, so the court must also analyze this claim under the *McDonnell Douglas* burden-shifting framework. Taylor-

Novotny v. Health All. Med. Plans, Inc., 772 F.3d 478, 489 (7th Cir. 2014). Title I of the ADA prohibits employers from discriminating against any qualified individual on the basis of a disability. 42 U.S.C. §§ 12101, 12111. To establish a *prima facie* claim under Title I of the ADA, an employee must demonstrate "(1) the plaintiff was a qualified individual with a disability within the meaning of the ADA; (2) [he] was meeting [his] employer's legitimate expectations; (3) [he] nevertheless suffered an adverse employment action; and (4) similarly situated, non-disabled employees were treated more favorably." Taylor-Novotny v. Health All. Med. Plans, Inc., 772 F.3d 478, 489 (7th Cir. 2014) (internal citations and quotation marks omitted). LSC Communications challenges whether Mr. Holbrook met his burden of showing that a similarly situated employee was treated more favorably.[2]

"To meet his burden of demonstrating that another employee is similarly situated, a plaintiff must demonstrate that there is someone who is directly comparable to him in all material respects." Taylor-Novotny v. Health All. Med. Plans, Inc., 772 F.3d 478, 492 (7th Cir. 2014) (internal quotation marks omitted). Mr. Holbrook argues that Mr. Scheidt is a similarly situated, nondisabled employee who received more lenient treatment.

For the reasons discussed in analyzing his ADEA claim, no reasonable jury could find that Mr. Scheidt is similarly situated for purposes of an ADA claim; the record demonstrates that he and Mr. Holbrook had divergent disciplinary

---

[2] LSC Communications also disputes whether Mr. Holbrook could demonstrate that he was a qualified individual with a disability within the meaning of the ADA. The court assumes without deciding that Mr. Holbrook was a qualified individual with a disability.

9

histories. *See* Id. (holding that a coworker isn't similarly situated unless "the other coworker had a comparable set of failings"). Therefore, he can't establish a *prima facie* case and summary judgment as to his ADA claim is warranted. *See* Bunn v. Khoury Enterprises, Inc., 753 F.3d 676, 685 (7th Cir. 2014) (recognizing that summary judgment is appropriate when a plaintiff cannot establish a *prima facie* of discrimination under the ADA).

IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment [Doc. No. 44] is GRANTED and the June 21, 2017 final pretrial conference and July 10, 2017 trial dates are VACATED. The Clerk is directed to enter judgment accordingly.

SO ORDERED

ENTERED:   May 15, 2017

＿＿/s/ Robert L. Miller, Jr.
Judge
United States District Court

10